IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN D. DAROCY and JUDY C. DAROCY,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:10-CV-1259-L** |
| **GRAND LENDING GROUP, L.P., et al.,** | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant CTX Mortgage Company, LLC's Motion to Dismiss Plaintiffs' Complaint, filed August 17, 2010; and (2) Defendant American Title Company's Motion and Notice of Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), filed August 24, 2010. Plaintiffs Steven D. Darocy and Judy C. Darocy (collectively, "Plaintiffs") did not respond to these motions. After carefully considering the motions, record, and applicable law, the court **grants in part** and **denies in part** Defendant CTX Mortgage Company, LLC's Motion to Dismiss Plaintiffs' Complaint; and **grants in part** and **denies in part** Defendant American Title Company's Motion and Notice of Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).

**I.    Background**

Plaintiffs filed their Verified Original Petition on May 26, 2010, in County Court at Law No. 4, Dallas County, Texas. The live pleading is their Second Verified Amended Original Petition ("Petition"), filed June 4, 2010. Plaintiffs' claims relate to their home, located at 141 Bricknell

Lane, Coppell, Texas 75019. They assert claims against Defendants Grand Lending Corp, L.P. ("Grand Lending"); CTX Mortgage ("CTX"); Chase Manhattan Mortgage Corporation; J.P. Morgan Chase, Chase Home Finance; Codilis & Stawiarsky, P.C.; American Title Company ("American Title"); Mortgage Electronic Registration Systems, Inc.; John and Jane Does I-V; Black & White Corporations VI-X; and ABC Partnerships XI-XV (collectively, "Defendants").

Plaintiffs contend that they entered into a Deed of Trust agreement with Grand Lending on June 22, 1999. They allege that they discovered fraud relating to the Deed of Trust and Promissory Note in January 2010. Plaintiffs contend that Defendants are unlawfully and deceptively foreclosing on their home. They assert that Defendants violated the Texas Deceptive Trade Practices Act ("DTPA"). Although not pleaded as separate counts, Plaintiffs also refer in the Petition to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendants CTX and American Title have moved to dismiss the claims against them.

## II. Legal Standards

### A. Judgment on the Pleadings

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim

upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:

> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 at 213 (2004) (footnotes omitted).

### B.     Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Analysis

Defendants CTX and American Title (collectively, the "Moving Defendants") have moved to dismiss the claims against them. CTX contends that dismissal is appropriate pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. It argues that Plaintiffs have failed to allege any specific facts to support their claims against it and that Plaintiffs' claims are barred by the applicable statute of limitations. American Title moves pursuant to Rule 12(c),[*] and it contends that Plaintiffs have failed to plead specific acts to support their claims against it. Because the legal standard under Rules 12(c) and 12(b)(6) is the same, the court considers the Moving Defendants' arguments together.

### A. DTPA

Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). A "consumer" is defined as "an individual . . . who seeks or acquires by purchase or lease, any goods or services . . . ." Tex. Bus. & Com. Code § 17.45(4). The term "goods" is defined as "tangible chattels or real property purchased or leased for use." *Id*. § 17.45(1). DTPA actions must be brought "within two years after

---

[*]American Title moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and cites the legal standard under that rule. It, however, argues that it is entitled to "summary judgment" on Plaintiffs' claims against it. American Title has not cited Rule 56 of the Federal Rules of Civil Procedure or produced any evidence with its motion. The court therefore treats its motion as one seeking judgment on the pleadings.

**Memorandum Opinion and Order – Page 5**

the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." *Id*. § 17.565.

The Moving Defendants contend that Plaintiffs have failed to state a claim upon which relief can be granted under the DTPA. CTX argues that Plaintiffs have not alleged any facts to support a DTPA claim against it and that they have admitted that CTX has no current interest in the loan or the property. It also argues that borrowing money does not constitute the acquisition of a good or service. It argues further that, even if Plaintiffs have stated a viable claim under the DTPA, it is barred by the two-year statute of limitations. American Title contends that Plaintiffs have failed to plead that it made any misrepresentation. Plaintiffs did not file a response to either motion.

Plaintiffs' DTPA claims relate both to the financing of their residence and the institution of foreclosure proceedings on it. It is clear that any claim arising from the June 1999 financing of the home are barred by the statute of limitations. Even if Plaintiffs did not discover their claims in June 1999, the court has reviewed the Petition to determine whether there is any basis to apply the discovery provision of the statute of limitations. Plaintiffs have not alleged any basis for the tolling of the statute of limitations. The court has also reviewed the Petition to determine whether any legal disability exists to toll the running of the statute. Nothing in the Petition even obliquely references a basis for tolling the statute of limitations because of a legal disability under section 16.001 of the Texas Civil Practice and Remedies Code (Vernon 2002). "A statute of limitations may support dismissal under Rule 12(b)(6) when it is evidence from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Accordingly, the court will dismiss with prejudice Plaintiffs' DTPA

claims against CTX and American Title with respect to the original transaction in 1999 pursuant to Rule 12(b)(6).

With respect to Plaintiffs' wrongful foreclosure claims, however, the court will grant them leave to replead. The decision to allow amendment is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). Given Plaintiffs' *pro se* status and their references to wrongful foreclosure, the court will grant them the opportunity to replead their claims relating to the alleged wrongful foreclosure. Plaintiffs must identify which Defendants were actually involved in the attempt to foreclose and state specifically what each Defendant did that they believe was illegal or improper. Plaintiffs must file their amended pleading no later than **October 22, 2010**. Failure to comply with this order will result in the court dismissing Plaintiffs' claims without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution or failure to comply with a court order. The court may also determine that Plaintiffs' claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### B. TILA and FDCPA

Plaintiffs also state generally that Defendants "deceptively represente[d] themselves as CREDITOR and/or HOLDER IN DUE COURSE of a true debt instrument (see, *TRUTH IN LENDING ACT (TILA) and FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)*." Pet. ¶ 30(c) (original emphasis). They do not allege violation of either statute as a separate count, and the alleged violations in this paragraph relate to "the scope of the ORIGINAL AGREEMENT(S) dated June 22, 1999." *Id.* ¶ 30 (original emphasis).

CTX contends that any claim under these statutes would be barred by the applicable statute of limitations. It argues that the FDCPA has a one-statute of limitations and that TILA has a one-year statute of limitations for damages and a three-year statute of limitations for rescission. It contends that, under any theory, the latest Plaintiffs could have brought a claim under these statutes was June 2002. American Title argues generally that these statutes have no application to it because it is an insurance company. Plaintiffs did not respond to these motions.

The court finds that any claim under TILA or the FDCPA is barred by the applicable statute of limitations. As noted by CTX, the FDCPA statute of limitations is one year. 15 U.S.C. § 1692k(d). Claims for damages under TILA must be brought within one year. 15 U.S.C. § 1640(e). An action for rescission must be brought within three years. 15 U.S.C. § 1635(f). It is clear that these claims arise from the original agreement, dated June 22, 1999. Plaintiffs' claims, which were filed nearly eleven years later, are barred. The court will therefore dismiss Plaintiffs' TILA and FDCPA claims against CTX and American Title with prejudice.

## IV. Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Defendant CTX Mortgage Company, LLC's Motion to Dismiss Plaintiffs' Complaint; and **grants in part** and **denies in part** Defendant American Title Company's Motion and Notice of Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). The court **dismisses with prejudice** the following claims brought against Defendants CTX and American Title: TILA, FDCPA, and DTPA claim with respect to the June 1999 financing of Plaintiffs' residence. The court **orders** Plaintiffs to replead their claims relating to wrongful or illegal foreclosure in accordance with this memorandum and order. Plaintiffs' amended pleading must be filed by **October 22, 2010**. Failure to comply with this

order will result in the court dismissing Plaintiffs' claims without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution or failure to comply with a court order. The court may also determine that Plaintiffs' claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

      **It is so ordered** this 30th day of September, 2010.

                                       Sam A. Lindsay
                                       United States District Judge