IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN D. DAROCY and JUDY C. DAROCY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:10-CV-1259-L** |
| CHASE HOME FINANCE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., GRAND LENDING GROUP, L.P., CODILIS & STAWIARSKI, P.C., CTX MORTGAGE, CHASE MANHATTAN MORTGAGES CORPORATION, and JP MORGAN/CHASE, | § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants Chase Home Finance LLC, JPMorgan Chase Bank N.A., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Third Amended Complaint for Failure to State a Claim, or Alternatively, Motion for More Definite Statement, filed November 23, 2010; (2) Defendant CTX Mortgage Company, LLC's Motion to Dismiss Plaintiffs' 3rd Amended Complaint, filed November 24, 2010; (3) CTX Mortgage Company, L.L.C.'s Suggestion of Dismissal of Grand Lending, L.P. Pursuant to FRCP 12(b)(1) and 12(b)(2), filed February 7, 2011; and (4) Plaintiffs', Darocy & Darocy, Motion to Reconsider Order Dismissing CTX Mortgage Company, L.L.C. from DTPA Claims, filed February 28, 2011.

After careful review of the motions, briefs, responses, replies, record, and applicable law, the court **grants** (1) Defendants Chase Home Finance LLC, JPMorgan Chase Bank N.A., and

**Memorandum Opinion and Order – Page 1**

Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Third Amended Complaint for Failure to State a Claim, and **denies as moot** the Alternative Motion for More Definite Statement; **grants** (2) Defendant CTX Mortgage Company, LLC's Motion to Dismiss Plaintiffs' 3rd Amended Complaint; **grants** (3) CTX Mortgage Company, L.L.C.'s Suggestion of Dismissal of Grand Lending, L.P. Pursuant to FRCP 12(b)(1) and 12(b)(2); and **denies** (4) Plaintiffs', Darocy & Darocy, Motion to Reconsider Order Dismissing CTX Mortgage Company, L.L.C. from DTPA Claims.

**I.    Background**

Plaintiffs filed their Verified Original Petition on May 26, 2010, in County Court at Law No. 4, Dallas County, Texas. The case was removed to this court on June 25, 2010, on grounds that Plaintiffs' claims presented a federal question, and that complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000, exclusive of interest and costs. The live pleading is Plaintiffs' Third Amended Complaint ("Complaint"), filed November 12, 2010. Plaintiffs' allegations relate to their home, located at 141 Bricknell Lane, Coppell, Texas 75019. They assert claims against Defendants Grand Lending Group, L.P. ("Grand Lending"); CTX Mortgage ("CTX"); Chase Home Finance LLC ("CHF"); JPMorgan Chase Bank, N.A. ("JPMC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Codilis & Stawiarski, P.C. ("C&S") (collectively, "Defendants").

Plaintiffs contend that they entered into a Deed of Trust agreement with Grand Lending on June 22, 1999. They allege that they discovered fraud relating to the Deed of Trust and Promissory Note in January 2010, perpetuated by CTX, CHF, JPMC, and MERS. Plaintiffs assert that CHF, JPMC, and C&S are now unlawfully and deceptively foreclosing on their home, and that such

actions constitute a violation of the Texas Deceptive Trade Practices Act. Plaintiffs also assert two claims against CTX specifically for violation of the Uniform Fraudulent Transfer Act and aiding and abetting deceptive trade practices. Defendants move to dismiss all of Plaintiffs' claims.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.    Analysis**

There are four pending motions, and the court will address each motion separately in conducting its analysis.

### A. Motion to Dismiss filed by CHF, JPMC, and MERS

CHF, JPMC, and MERS move to dismiss Plaintiffs' Complaint. From the court's reading of the Complaint, Plaintiffs assert only a deceptive trade practices claim against CHF, JPMC, and MERS. Plaintiffs' Uniform Fraudulent Transfer Act claim is directed solely at CTX. Accordingly, the court considers whether Plaintiffs have stated a cognizable legal claim for deceptive trade practices against CHF, JPMC, and MERS.

Plaintiffs allege that CHF, JPMC, and MERS are liable under the Deceptive Trade Practices Act because they: (1) caused confusion over the source of the Promissory Note's funding; (2) failed to disclose information about the methods by which the Note or Deed would be sold, monetized, and securitized; and (3) engaged in unconscionable actions by initiating foreclosure on Plaintiffs' residence without being a holder in due course. Plaintiffs contend that such conduct entitles them to relief under the Act because they are "consumers" as defined by the statute.

CHF, JPMC, and MERS argue that Plaintiffs' claim fails as a matter of law because it rests on fatally flawed assumptions that are contradicted by the Texas Property Code. They further argue that Plaintiffs do not have standing to assert a deceptive trade practices claim because Plaintiffs are not "consumers" under the Act. Finally, they argue that Plaintiffs' claim is time-barred by the statute of limitations. The court will first analyze the procedural issues before it delves into the substance of Plaintiffs' factual allegations.

The Act defines a "consumer" as one who "seeks or acquires by purchase or lease, any goods or services [from CHF, JPMC, and MERS] . . . ." Tex. Bus. & Comm. Code Ann. § 17.45 (West 2011). When a party obtains a loan "inextricably intertwined" in the purchase or lease of a good or service, that party may qualify as a "consumer." *Knight v. International Harvester Credit*

*Corp.*, 627 S.W.2d 382, 389 (Tex. 1982). The determining factor is whether the purchase or lease of a good or service was "an objective of the transaction, not merely incidental to it." *FDIC v. Munn*, 804 F.2d 860, 865 (5th Cir. 1986).

In this case, Plaintiffs admittedly took out a mortgage loan to purchase their residence. The record is undisputed that neither CHF, JPMC, nor MERS was the original lender on the Promissory Note, and that none of them had dealings with Plaintiffs at the time the loan was executed. Plaintiffs nevertheless attempt to characterize themselves as "consumers" in relation to these defendants because CHF, JPMC, and MERS allegedly "wished to benefit" from the mortgage loan transaction. Compl. 3 ¶ 12. Even if the court accepts Plaintiffs' assertion as true, a defendant who merely "wishes to benefit" from a certain transaction with a plaintiff does not necessarily make that plaintiff a "consumer"; the defendant must offer goods or services that are sought by the plaintiff. Here, CHF, JPMC, and MERS offered no goods or services that Plaintiffs sought to acquire within the context of the original mortgage loan because they were not parties to the transaction.

Moreover, even if CHF, JPMC, and MERS were parties to the transaction, Plaintiffs objective was to purchase their residence, and any resulting loan servicing was incidental to that objective. Accordingly, because Plaintiffs never sought to acquire goods or services from CHF, JPMC, or MERS, and because Plaintiffs were attempting only to borrow money to pay for their home (instead of attempting to purchase a good or service from these defendants with respect to the loan's servicing), they cannot meet the classification of "consumers" under the Act. This is a fatal blow to Plaintiffs' deceptive trade practices claim, and it is one that cannot be cured through amendment.

Even if Plaintiffs could reasonably qualify as "consumers" under the Act and properly advance a deceptive trade practices claim, the court is unpersuaded that Plaintiffs' claim was timely filed. The mortgage loan transaction occurred on June 22, 1999, and Plaintiffs did not file suit until May 26, 2010. Claims arising under the Act are subject to a two-year statute of limitations. Tex. Bus. & Comm. Code Ann. § 17.565. Plaintiffs contend that in January 2010 they "began to question" the extent of fraudulent activities perpetuated by American financial institutions, which "have been the demise of our economy." Compl. 3-4 ¶ 13. It was not until January 2010 that Plaintiffs "began to research" the Promissory Note and Deed of Trust affiliated with their residence. *Id.* Plaintiffs' research allegedly revealed fraudulent activities perpetuated by Defendants.

Although Plaintiffs assert that this January 2010 date was "well within the statute of limitations" for the Deceptive Trade Practices Act, they state nothing to indicate that they could not have discovered Defendants' alleged fraudulent activities sooner, had reasonable diligence been exercised. From the plain language of Plaintiffs' pleadings, what sparked them into conducting such research was general curiosity arising from the economic recession, instead of specifically learning something new about their mortgage loan transaction that they could not have investigated years earlier. The court cannot draw an inference from the pleadings that Plaintiffs were incapable of researching the alleged fraudulent activities of Defendants prior to January 2010, and it accordingly determines that, even if Plaintiffs had standing to advance their deceptive trade practices claim, such claim is time-barred.

Because the court has determined that Plaintiffs lack standing to advance their claim because they do not qualify as "consumers" of goods or services offered by CHF, JPMC, or MERS, and because Plaintiffs' claim is barred by the two-year statute of limitations, the substance of Plaintiffs'

allegations is moot and the court need not address it. The court notes, however, that Plaintiffs' allegations are lacking in significant factual detail and amount to conclusory statements. The court will accordingly dismiss Plaintiffs' deceptive trade practices claim. The alternative motion for a more definite statement is therefore moot.

### B. Motion to Dismiss filed by CTX

CTX likewise moves to dismiss Plaintiffs' Complaint. Plaintiffs assert claims against CTX for violations of the Deceptive Trade Practices and Uniform Fraudulent Transfer Acts, and aiding and abetting deceptive trade practices. The court now considers whether Plaintiffs have stated cognizable legal claims against CTX.

#### 1. Violation of the Deceptive Trade Practices Act & Aiding and Abetting

Plaintiffs do not specifically allege how CTX violated the Deceptive Trade Practices Act in their Complaint, but they contend that CTX aided and abetted deceptive trade practices by fraudulently transferring a loan. The court will therefore consider Plaintiffs' claims for deceptive trade practices and aiding and abetting together.

With respect to Plaintiffs' claim against CTX for violation of the Deceptive Trade Practices Act, the court ruled previously in its September 30, 2010 memorandum opinion and order that such claim was time-barred. The court dismissed Plaintiffs' Deceptive Trade Practices Act claim against CTX with prejudice, and it stands by its prior ruling.

With respect to Plaintiffs' claim against CTX for aiding and abetting deceptive trade practices, the record makes clear that Plaintiffs entered into the mortgage loan transaction on June 22, 1999. Plaintiffs acknowledge that CTX sold and transferred the loan to Washington Mutual on July 1, 1999, and they further allege that such transfer was fraudulent. Compl. 7 ¶¶ 22-23. Plaintiffs

contend that this fraudulent transfer aided and abetted JPMC, CHF, and MERS in committing deceptive trade practices. *Id.* at 7 ¶ 24.

Referencing the court's above analysis in connection with Plaintiffs' deceptive trade practices claim against JPMC, CHF and MERS, the court stated that Plaintiffs' allegations are unclear as to exactly how the conduct of JPMC, CHF, and MERS constituted deceptive trade practices. Accordingly, the court has difficulty determining or drawing an inference from the pleadings as to exactly how CTX's conduct aided and abetted the alleged deceptive trade practices. Even if it could draw such an inference, Plaintiffs fail to demonstrate that they are "consumers" under the Deceptive Trade Practices Act, that aiding and abetting deceptive trade practices is a recognized claim under Texas law, or that statute of limitations concerns do not render their claim time-barred.

Plaintiffs have simply presented no set of factual allegations that could plausibly advance a claim for aiding and abetting deceptive trade practices. Even if the court assumes that the claim's deficiencies are not fatal, accepting Plaintiffs' legal theory would require a quantum leap in logic, which the court will not make. For CTX to have aided and abetted JPMC, CHF, and MERS in committing deceptive trade practices, CTX would have had to have known in advance about the alleged plans of JPMC, CHF, and MERS to engage in illegal and deceptive conduct prior to its transfer of the loan to Washington Mutual in 1999. Specifically, CTX would have needed advance knowledge that JPMC, CHF, and MERS would attempt to wrongfully foreclose on Plaintiffs' residence a decade later, in 2010. Such deductions are unwarranted by the pleadings and are rooted in conjecture and speculation. The court will accordingly dismiss Plaintiffs' claim against CTX for aiding and abetting deceptive trade practices.

## 2. Violation of the Uniform Fraudulent Transfer Act

Plaintiffs contend that CTX violated the Uniform Fraudulent Transfer Act by wrongfully transferring the loan in 1999. They further contend that the claim is not barred by limitations because it was presented "within one year after the transfer or obligation was or could have been discovered" and the "investigation of Chase has produced adequate and 'recent' discovery." Compl. 10 ¶ 39. CTX argues that the Plaintiffs' claim fails to state a claim upon which relief could be granted because the Uniform Fraudulent Transfer Act provides relief to *creditors*, not debtors. Moreover, CTX contends that Plaintiffs have made no showing that the limitations period should be tolled and not bar their claim.

It is undisputed that Plaintiffs were debtors to the mortgage loan transaction and that CTX acted as a creditor. The court has reviewed the Uniform Fraudulent Transfer Act and agrees with CTX in that the Act provides a remedy for a *creditor* in situations where a debtor wished to avoid payment by fraudulently transferring an instrument. *See* Tex. Bus. & Comm. Code Ann. § 24.008 (West 2009). Because Plaintiffs are not "creditors," the court determines that they lack standing to bring a claim under the Uniform Fraudulent Transfer Act. Even if Plaintiffs were creditors, the court determines that their claim would be time-barred because it was brought more than four years after the transfer occurred, and there is no indication, other than Plaintiffs' conclusory assertion, that they could not have discovered the alleged fraud more than a year before bringing the claim. Moreover, the plain reading of Plaintiffs' claim does not raise a right to relief above a speculative level because it alleges nothing more "than a sheer possibility that [CTX] has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. The court will accordingly dismiss Plaintiffs' claim.

### C. Suggestion to Dismiss Grand Lending filed by CTX

CTX asks the court to dismiss Grand Lending from this action because it asserts that no such entity exists. CTX supports its request with an appendix demonstrating that Grand Lending is a defunct limited partnership that dissolved on March 31, 2006. CTX's App. 6. Moreover, CTX asserts that under the Texas survival statute, a plaintiff has three years from the effective date of termination to sue a terminated entity and that, accordingly, Plaintiffs' right to sue Grand Lending terminated on March 31, 2009. Plaintiffs filed no response or objection to CTX's request.

After reviewing CTX's appendix, the court agrees and determines that Grand Lending was terminated on March 31, 2006. The court further recognizes the Texas survival statute which extinguishes all claims against a terminated entity brought more than three years after termination. Tex. Bus. Orgs. Code Ann. § 11.356(c) (West 2011). Plaintiffs did not file this lawsuit until June 25, 2010, which is more than three years after Grand Lending was terminated. Accordingly, the court concludes that Plaintiffs' claims against Grand Lending are extinguished, and the court will dismiss Grand Lending from this action.

### D. Motion to Reconsider filed by Plaintiffs

Plaintiffs ask the court to reconsider its September 30, 2010 memorandum opinion and order dismissing Plaintiffs' Deceptive Trade Practices claim against CTX. They contend that their claim should not be time-barred because they could not have discovered the alleged deceptive trade practices any sooner with reasonable diligence, and the discovery rule tolls the limitations period. Specifically, Plaintiffs assert that the limitations period should be tolled because "[f]ew Americans challenged the actions of financial institutions until the bank bailouts and openly fraudulent misdealings began to be discovered and reported via a myriad of media outlets." Pls.' Mot. to

Reconsider 2 ¶ 1(a). Plaintiffs also assert that they are, in fact, "consumers" under the Act and that CTX committed deceptive trade practices.

The court addresses only Plaintiffs' statute of limitation argument because it renders the other arguments moot. Plaintiffs argue that the statute of limitations should be tolled because a reasonably diligent person would not have taken any investigative action until after the prevalent media reports about bank bailouts and fraud perpetuated by financial institutions. The court is unpersuaded that Plaintiffs' inspiration to investigate because of media reports constitutes a valid reason to toll the limitations period. The concept of reasonable diligence necessarily presumes that plaintiffs will always possess a strong interest in investigating and understanding the facets of a transaction that they have entered. Waiting for a decade to act, only after being prompted by an unrelated third party who may raise a concern about the transaction, does not rise to the level of reasonable diligence. The court accordingly stands by its original decision and will deny Plaintiffs' motion to reconsider.

### E.    Court's *Sua Sponte* Motion for Dismissal of C&S

Plaintiffs include C&S along with CHF, JPMC, and MERS in their Deceptive Trade Practices Act claim. Unlike CHF, JPMC, and MERS, however, C&S did not move to dismiss Plaintiffs' Complaint. Notwithstanding C&S's inaction, which the court fails to understand, Plaintiffs' claim against C&S suffers from the same flaws identified by the court in its earlier analysis concerning Plaintiffs' allegations against CHF, JPMC, and MERS. Specifically, the court believes that Plaintiffs' claim against C&S is time-barred under the statute of limitations and that Plaintiffs cannot properly characterize themselves as "consumers" under the Act in relation to C&S.

In light of the court's ruling and *sua sponte* motion, the court believes that dismissing C&S from this action is appropriate. Plaintiffs are **directed** to file a response to this matter no later than **May 31, 2011, 12:00 p.m.** and state why their claims should not be dismissed against C&S for the same reason such claims were dismissed against CHF, JPMC, and MERS.

## IV. Conclusion

For the reasons stated herein, the court **grants** (1) Defendants Chase Home Finance LLC, JPMorgan Chase Bank N.A., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Third Amended Complaint for Failure to State a Claim, and **denies as moot** the Alternative Motion for More Definite Statement; **grants** (2) Defendant CTX Mortgage Company, LLC's Motion to Dismiss Plaintiffs' 3rd Amended Complaint; **grants** (3) CTX Mortgage Company, L.L.C.'s Suggestion of Dismissal of Grand Lending, L.P. Pursuant to FRCP 12(b)(1) and 12(b)(2); and **denies** (4) Plaintiffs', Darocy & Darocy, Motion to Reconsider Order Dismissing CTX Mortgage Company, L.L.C. from DTPA Claims.

Plaintiffs claims against CTX, JPMC, CHF, MERS, and Grand Lending are accordingly **dismissed with prejudice**. The only defendant remaining in this action is C&S, and the clerk of the court is **directed** to reflect this on the docket sheet. **Plaintiffs are further directed to file a response to the court's *sua sponte* motion of dismissal regarding Plaintiffs' claim against C&S no later than May 31, 2011, 12:00p.m. C&S shall not file a reply to Plaintiffs' response unless directed to do so by the court.** *Plaintiffs are placed on notice that failure to comply with the court's order to file a response by May 31, 2011, 12:00 p.m., will result in the court dismissing this action against C&S.*

**It is so ordered** this 18th day of May, 2011.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge